# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VOSGES IP, LLC, an Illinois limited liability Company, and VOSGES, LTD., an Illinois Corporation, | ) ) ) ) ) |
| Plaintiffs, | ) **Civil Action No. 15-cv-11447** ) |
| v. | ) ) **JURY TRIAL DEMANDED** |
| THE KAIROS GROUP, INC. d/b/a Chuao Chocolatier, | ) ) ) |
| Defendant. | ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, AND VIOLATION OF 815 ILCS 510/1, *et seq.***

Plaintiffs, Vosges IP, LLC and Vosges, Ltd. (hereinafter, Vosges IP, LLC and/or Vosges, Ltd. shall be referred to as "Vosges"), by and through its attorneys, complains against The Kairos Group, Inc. d/b/a Chuao Chocolatier ("Chuao") as follows:

## NATURE OF THE ACTION – TRADEMARK INFRINGEMENT

1. This is a case about Chuao's willful trademark infringement upon Vosges' federally registered PEACE LOVE AND CHOCOLATE trademark. Vosges has continually used this mark since 2005 to brand its internationally recognized chocolate products, including its peppermint candy cane chocolate bar. Specifically, Chuao – a direct competitor of Vosges – has produced and widely distributed a chocolate holiday product bearing a confusingly similar PEACE LOVE AND PEPPERMINT mark.

2. Accordingly, this is an action for: (i) trademark infringement of a federally registered trademark under 15 U.S.C. §1114; (ii) false designation of origin and unfair

competition under 15 U.S.C. §1125(a); (iii) common law trademark infringement and unfair competition; and (iv) violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*, and Illinois common law, as more fully appears in this Complaint.

## THE PARTIES

3. Vosges produces and sells innovative chocolate creations that are made with the finest ingredients from around the world. Vosges is based in Chicago, Illinois.

4. Chuao also produces and sells artisanal chocolates. They are based in San Diego, California.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this Complaint based on 28 U.S.C. §§ 1331, 1367 and 1338(a), as federal questions are presented. This Court also has jurisdiction over the subject matter of this Complaint based on 28 U.S.C. §1332(a) as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

6. Defendant is subject to personal jurisdiction of the Court because it regularly conducts business and/or has committed a tort in this judicial district by wrongfully using and infringing upon Vosges's protected trademarks and is committing unfair acts in the State of Illinois. Defendants' tortious actions have caused harm to Vosges, the brunt of which it suffers, and which Defendant knew was likely to be suffered, in Illinois.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), as the Defendant regularly conducts business within this district, and a substantial part of the acts giving rise to the asserted claims were committed within this district.

## FACTUAL BACKGROUND

### Vosges and the PEACE LOVE AND CHOCOLATE Marks

8. Vosges' intriguing chocolate creations are made with the finest ingredients from around the world, sourced by Founder and Chocolatier Katrina Markoff in or about 1997. Three days following her graduation from Vanderbilt University, Katrina moved to Paris to pursue her dream of studying the culinary arts at Le Cordon Bleu.

9. Using her palate as her guide, she embarked on a world tour that began with an apprenticeship in Spain under the direction of Ferran Adrià and continued east through Southeast Asia and Australia. Katrina's fusion of indigenous spices, flowers, roots, herbs and liqueurs with premium chocolate creates a sensory experience that nurtures awareness of and appreciation for the world's diverse cultures.

10. Katrina is the recipient of numerous accolades including being named one of The Top 100 Most Creative People in Business by Fast Company, Fortune Magazine's 40 Under 40, the Bon Appétit Food Artisan of the Year Award, and "THE innovator in chocolate to lead the US through the next 30 years" by Food & Wine Magazine. She was also honored as Woman Entrepreneur of the Year by OPEN American Express and Entrepreneur Magazine. Most recently, Vosges was named one of the 10 Best Chocolatiers in the World by National Geographic.

11. Since 2005, Vosges has been extensively and continuously using the PEACE LOVE AND CHOCOLATE marks in connection with its chocolate products.

12. In order to protect the goodwill associated with their brand, in 2011 Vosges received a federal registration for the word mark PEACE LOVE AND CHOCOLATE in Classes 30 and 46 covering "Specialty confectionery products, namely, specialty chocolates, chocolate

bars, chocolate truffles, cakes, toffees, caramels, cocoa, bonbons, brownies, cookies, pancake mixes, baking mixes in the nature of mixes for bakery goods, chocolate covered fruits and nuts, chocolates containing fruits and nuts, and ice cream; Specialty confectionery products in the nature of chocolate collections comprised primarily of chocolates, chocolate truffles, bonbons, and chocolate bars," U.S. Registration No. 4006299 (hereinafter the "PEACE LOVE AND CHOCOLATE Word Mark"), a copy of which is attached hereto as Exhibit A.

13. The Vosges products bearing the PEACE LOVE AND CHOCOLATE Word Mark have been extremely well received by the relevant buying public: following its first use in commerce, Vosges has affixed this mark on nearly (a) every chocolate catalog it has distributed; (b) every chocolate bar and chocolate product it has produced and distributed in each of the fifty United States; (c) all company email signature blocks; and (d) all stationary and cards used to send chocolate gifts. Vosges also uses the mark prominently on its website where consumers from all over the world can purchase its chocolate products.

14. Products bearing the PEACE LOVE AND CHOCOLATE Word Mark are sold in a number of retail outlets on a national basis, including through Starbucks, Intellegentsia, Whole Foods, Kroger, and Neiman Marcus just to name a few. Further, Vosges has its own retail outlets throughout and country and a retail outlet in O'Hare airport that receives consumer traffic from all over the United States and the world.

15. In addition, the PEACE LOVE AND CHOCOLATE Word Mark has become synonymous with Vosges' overall brand and philosophy. Accordingly, the PEACE LOVE AND CHOCOLATE mark is synonymous with Vosges products in the minds of consumers.

16. Vosges has heavily invested in creating, maintaining and promoting the goodwill associated with the PEACE LOVE AND CHOCOLATE Word Mark. Over the years, they have

4

spent millions of dollars advertising and promoting the products offered in connection with the PEACE LOVE AND CHOCOLATE Marks throughout the United States in a variety of media, including but not limited to magazines, newspapers, digital and internet advertising, to name a few.

17. Vosges has and continues to advertise and promote their chocolate products bearing the PEACE LOVE AND CHOCOLATE Word Marks by advertising on a national scale.

18. In addition to traditional advertising, products bearing the PEACE LOVE AND CHOCOLATE Marks have also been featured in trade publications and in national publications including, but not limited to: Fast Company, Fox News, USA Today, New York Post, New York Magazine, People magazine, Bloomberg, Food & Wine, Women's Health, InStyle, Marie Claire, Better Homes and Gardens, and Conde Nast Traveler. .

19. As a result of Vosges' sales, advertising and promotional efforts, and their dedication to producing chef-driven chocolate products of the highest quality, the PEACE LOVE AND CHOCOLATE Word Mark has earned a very valuable goodwill and is favorably recognized and relied upon by the relevant consuming public as indicating high quality chocolate products originating from a single source. The PEACE LOVE AND CHOCOLATE Word Mark has become a strong brand, entitled to broad protection against unfair and infringing uses.

## Chuao's Business and Infringing Acts

20. Chuao and Vosges are direct competitors in the chocolate industry. Among other things, their products are (a) sold in many of the same national outlets, (b) target the same types of consumers, (c) sell at relatively the same price point, and (d) marketed through very similar channels.

21. In November of 2015, long after Vosges began advertising and selling the products bearing the PEACE LOVE AND CHOCOLATE Marks, Vosges became aware that Chuao, without authorization, was promoting and selling a holiday chocolate bar using the confusingly similar PEACE LOVE AND PEPPERMINT mark (the "Infringing Peppermint Mark,"). The Infringing Peppermint Mark appears directly on the center of its holiday chocolate bar.

22. As shown below, the Infringing Peppermint Mark is nearly identical to Vosges PEACE LOVE AND CHOCOLATE Word Mark, and thus Chuao's products are likely to be confused with Vosges' products.




*Plaintiff's Mark*   v.   *Defendant's Mark*

6

23. To add to the confusion, products bearing the Infringing Peppermint Mark and Vosges' PEACE LOVE AND CHOCOLATE Word Mark are sold in many of the same stores on a national basis.

24. On information and belief, Chuao products bearing the Infringing Peppermint Mark are artisanal chocolate products that are directly competitive, overlapping and/or are closely-related to Vosges' own chocolate products. Further, upon information and belief, Chuao's Infringing Peppermint Mark targets to the same end consumer groups and is offered in similar channels of trade as the products bearing The PEACE LOVE AND CHOCOLATE Word Mark.

25. Chuao maintains and operates a website located at www.chuaochocolatier.com, through which it promotes and sells its products using the Infringing Peppermint Mark.

26. Chuao also sells its products bearing the Infringing Peppermint Mark at various retailers such as Whole Foods, Starbucks, Dean and Deluca, and many others, to customers across the nation, including in Illinois and in this District.

27. On information and belief, Chuao's choice of the Infringing Peppermint Mark as a standalone Mark and/or in connection with other marks to identify the infringing goods was done willfully, intentionally, and deliberately with full knowledge and willful disregard of Vosges well-known and prior established rights in The PEACE LOVE AND CHOCOLATE Word Marks with respect to their chocolate products.

28. On or about November 18, 2015, the same day Vosges became aware of Chuao's use of the Infringing Peppermint Mark, the undersigned contacted the CEO of Chuao in an attempt to work out an amicable resolution of this matter.

29. The parties never reached an agreement, and Chuao has not taken any action to limit and/or stop its ongoing infringement.

30. In fact, as of the date of this filing, Chuao continues to knowingly and intentionally promote and sell (through its website and elsewhere) its confusingly similar products bearing the Infringing Peppermint Mark.

31. Unless permanently enjoined by this Court, Chuao's continued use of the Infringing Peppermint Mark as a standalone Mark and/or in connection with other marks for its infringing goods is likely to cause consumers to be confused or mistaken as to the affiliation, connection or association of these infringing goods with Vosges and its products.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114

32. Vosges repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 31 inclusive.

33. Chuao's unauthorized use of a mark confusingly similar to Vosges PEACE LOVE AND CHOCOLATE Word Mark in connection with chocolate products closely related to those offered by Vosges is likely to cause confusion. Chuao uses the wording PEACE LOVE AND PEPPERMINT, which is nearly identical to Vosges's federally protected PEACE LOVE AND CHOCOLATE Word Mark, on closely-related and/or overlapping chocolate products and targets many of the same consumers and are offered in similar channels of trade as Vosges' products.

34. Chuao's unauthorized use Vosges' mark and the complained-of acts herein is likely to cause confusion, to cause mistake, or to deceive consumers into believing that its goods are Vosges' goods, and/or that Chuao's goods are in some way sponsored by, connected to or affiliated with their goods within the meaning of 15 U.S.C. § 1114.

8

35. On information and belief, Chuao's unauthorized and confusingly similar use of the PEACE LOVE AND CHOCOLATE Word Mark and the complained-of acts herein is willful and done with the intention of trading upon the valuable goodwill built up in the PEACE LOVE AND CHOCOLATE Word Mark, and creates confusion among the relevant trade and consuming public.

36. Chuao's unauthorized use of the Vosges mark and the complained-of acts herein acts jeopardize the entire goodwill symbolized by Vosges's federal trademark registration and common law rights, causing serious and irreparable injury to the PEACE LOVE AND CHOCOLATE brand for which Vosges has no adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

37. Vosges repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 36 inclusive.

38. Chuao's unauthorized use of the Infringing Peppermint Mark, standing alone, and/or combined with any other marks and used in connection with closely-related chocolate products infringe Vosges's rights in the PEACE LOVE AND CHOCOLATE Word Mark, as it is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Chuao's products with Vosges products, or as to the origin, sponsorship or approval of Chuao's products, services or commercial activity in violation of Vosges's rights, within the meaning of 15 U.S.C. § 1125(a).

39. On information and belief, Chuao's unauthorized use of the Infringing Peppermint Mark, standing alone, and/or combined with any other mark, and the acts complained-of herein is willful and done with the intention of trading upon the valuable goodwill

built up in the PEACE LOVE AND CHOCOLATE Word Mark, or otherwise injuring Vosges and its business.

40. Chuao's unauthorized use of the Infringing Peppermint Mark, standing alone, and/or combined with the use of any other marks, and the acts complained-of herein jeopardize the entire goodwill symbolized by Vosges's PEACE LOVE AND CHOCOLATE Word Mark, causing serious and irreparable injury to Vosges and its business for which it has no adequate remedy at law.

## COUNT III
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF ILLINOIS COMMON LAW

41. Vosges repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 40 inclusive.

42. Chuao's unauthorized use of the Infringing Peppermint Mark, standing alone, and/or combined with other marks in connection with closely-related chocolate products constitutes trademark infringement and unfair competition in violation of the common law of Illinois, as it is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Chuao's products with Vosges' products, or as to the origin, sponsorship or approval of Chuao's products, services or commercial activity in violation of Vosges's rights.

43. On information and belief, Chuao has willfully engaged in acts of trademark infringement and unfair competition.

44. Chuao's acts of trademark infringement and unfair competition have caused, and if not restrained by this Court, will continue to cause Vosges and its business serious and irreparable injury for which it has no adequate remedy at law.

### COUNT IV
### VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 I.L.C.S. § 510/1 *et seq*.)

45. Vosges repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 44 inclusive.

46. Chuao's unauthorized use of the Infringing Peppermint Mark, standing alone, and/or combined with other marks in connection with closely-related chocolate products is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of its goods or services.

47. Chuao's actions are likely to cause confusion or misunderstanding as to its affiliation, connection, or association with Vosges' products.

48. Chuao's actions disparage the goods, services, and business of Vosges by making false or misleading factual representations.

49. On information and belief, Chuao's conduct as described above has been willful, wanton, reckless, and in total disregard for Vosges' rights.

50. Such actions constitute a violation of 815 ILCS 510/2, and Vosges is entitled to damages for this unlawful conduct.

### PRAYER FOR RELIEF

WHEREFORE, Vosges prays for a judgment against Chuao as follows:

A. For an injunction restraining Chuao, its members, officers, agents, licensees, servants, employees, attorneys and all other persons in active concert or participation with them from:

(1) manufacturing, importing, selling, or distributing any product or related service using the PEACE LOVE AND CHOCOLATE Word Mark, the Infringing Peppermint Mark,

and/or any other designation confusingly similar to The PEACE LOVE AND CHOCOLATE Word Mark;

(2) advertising, displaying, or promoting any chocolate product or related service using the PEACE LOVE AND CHOCOLATE Word Mark, the Infringing Peppermint Mark, and/or anything confusingly similar to The PEACE LOVE AND CHOCOLATE Word Mark;

(3) using the PEACE LOVE AND CHOCOLATE Word Mark, the Infringing Peppermint Mark, and/or anything confusingly similar to The PEACE LOVE AND CHOCOLATE Word Mark in or as part of a domain name, blog name or username, or on any internet site;

(4) holding out through the use of business or trading names, domain names, or in any manner whatsoever, that Chuao, or its products or services, are in any way sponsored by, or associated or affiliated with Vosges and/or their licensees and/or their products and services.

B. That Chuao be required to promptly file with the Court and serve upon Vosges a report, in writing and under oath, setting forth in detail the manner in which it has complied with any injunction issued by the Court, pursuant to 15 U.S.C. § 1116(a).

C. That Chuao be directed to deliver up to Vosges for destruction the products and all other materials of any nature whatsoever bearing the PEACE LOVE AND CHOCOATE Word Mark, the Infringing Peppermint Mark, and/or anything confusingly similar to the PEACE LOVE AND CHOCOLATE Word Mark, including products, packaging materials, advertising or promotional materials, or any other material bearing or containing PEACE LOVE AND CHOCOLATE Word Mark, and/or the Infringing Peppermint Mark, pursuant to 15 U.S.C. §1118.

D. That Chuao be required to make a detailed accounting to Vosges with respect to all transactions relating to its importation, distribution and sales of products bearing the PEACE

LOVE AND CHOCOLATE Word Mark, the Infringing Peppermint Mark, and/or anything confusingly similar to the PEACE LOVE AND CHOCOLATE Word Marks, including: (1) its gross revenues relating to such products; and (2) its total profits generated, including a detailed explanation of any alleged deductions to be made in the calculation of profits.

E. That Chuao be directed to pay over to Vosges all gains, profits and advantages realized by Chuao from the sales of products bearing the PEACE LOVE AND CHOCOLATE Word Mark, the Infringing Peppermint Mark, and/or anything confusingly similar to the PEACE LOVE AND CHOCOLATE Word Mark, pursuant to 15 U.S.C. §1117.

F. That Chuao be directed to pay to Vosges all damages it has suffered, and that such damages be trebled in accordance with the law pursuant to 15 U.S.C. §1117.

G. That Chuao be directed to pay for reasonable attorneys' fees incurred by Vosges pursuant to 15 USC § 1117 since this is an exceptional case because, among other things, Chuao's conduct is willful and/or deliberate.

H. That Chuao be directed to pay for reasonable attorneys' fees incurred by Vosges pursuant to 815 ILCS 510/3 because Chuao's conduct was and continues to be willful.

I. That Vosges have such other and further relief that the Court may deem just and proper.

**Plaintiff demands a trial by jury on all claims so triable.**

Respectfully submitted,

Date: December 18, 2015      /s/ Vivek Jayaram
                             Vivek Jayaram, Esq.
                             Jayaram Law Group, LTD.
                             33 N. LaSalle Street
                             Suite 2900
                             Chicago, IL 60602

13